**UNITED STATES**

**v.**

**O'NEILL (three cases).**

**UNITED STATES v. AVERY.**

**Nos. 13617, 13618, 13619, 13620.**

United States Court of Appeals, Ninth Circuit.

April 7, 1954.

H. Brian Holland, Asst. Atty. Gen., Robert B. Ross, Ellis N. Slack, Robert N. Anderson, George F. Lynch, Sp. Assts. to Atty. Gen., Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., for appellant.

Todd W. Johnson, Edward D. Robertson, Donald C. McGovern, Los Angeles, Cal., for appellees.

Before HEALY and ORR, Circuit Judges, and LEMMON, District Judge.

PER CURIAM.

Appellees are beneficiaries of a testamentary trust which, prior to and in the year 1946, was engaged in the business of raising beef cattle for market. In 1944 323 head of 2-year-old heifers were sold and profits realized therefrom reported as a capital gain under the provisions of § 117(j) of the Internal Revenue Code, 26 U.S.C.A. The Commissioner of Internal Revenue made a °redetermination of the amount of income taxes due and treated the income from the sale of the heifers as ordinary income. Appellees paid the additional amount assessed and being denied a refund instituted suit to recover.

The only issue for trial before the trial court was whether profit from the sale of heifers by the trust during 1944 was ordinary income or capital gain within the provisions of § 117(j) of the Internal Revenue Code. This section permits a taxpayer to treat income from the sale of livestock held for breeding purposes for a period of six months (later amended to twelve) as a capital gain.

The trial court found as a fact that the 323 heifers sold during 1944 were held for breeding purposes within the meaning of § 117(j) of the Internal Revenue Code and had been held by the trust for more than six months.

It is conceded by the Government that whether an animal is held for breeding purposes and not primarily for sale presents a question of fact, but it contends that this finding is clearly erroneous in that it is not supported by substantial evidence. This contention is without merit. The finding is not clearly erroneous; is supported by substantial evidence and is controlling on this court.

Judgment affirmed.